# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

THE INN AT WHITTIER, LLC,

Debtor.

Case No. A06-00121-DMD

Chapter 7

**Filed On 8/28/08**

## MEMORANDUM REGARDING STAY

On August 18, 2008 this court heard arguments on motions to convert the case to Chapter 7. The motions to convert were granted. The parties had differing views as to the effect of conversion. The debtor contended that the automatic stay was re-triggered by conversion. First National Bank Alaska (FNBA) contended that there was no automatic stay upon conversion. I gave the parties a week to brief the issue. Both parties complied. First National also filed a motion for an order determining that there was no stay or alternatively terminating the stay. The debtor has opposed the motion and a hearing has been scheduled for Monday, September 8, 2008. I have reviewed the authorities submitted by the parties and conducted my own independent research. Rather than wait for yet another hearing, I will give the parties the tentative results of my inquiries as of this date so that they can prepare accordingly.

I find that the automatic stay provisions of 11 U.S.C. § 362 are not triggered by conversion based upon *British Aviation Insurance Company, LTD v. Menat*,[1] as endorsed

---

[1] (*In re: State Airlines*), 873 F.2d 264 (11th Cir. 1989)

by the 9th Circuit BAP in *Ramirez v. Whelan*.[2]  As stated by the BAP:

> The leading case on this issue is *In re State Airlines, Inc.*, 873 F.2d 264 (11th Cir.1989).  The court, confronted with this exact issue, interpreted the plain language of the Bankruptcy Code and held that conversion does not trigger the automatic stay provisions of § 362.  The court reasoned that the *filing of a petition under* §§ 301, 302, or 303 operates as a stay, *see* 11 U.S.C. § 362(a)(1994), and a conversion under § 348 does not constitute the filing of a petition.  *State Airlines*, 873 F.2d at 268; *see* 11 U.S.C. § 348(a) (1994) ("Conversion ... constitutes an order for relief") (emphasis added).  The court concluded that, "we cannot say, as a matter of law or of logic, that an *order for relief* is the same thing as a petition." *State Airlines*, 873 F.2d at 29.  The court also pointed out that "[i]f Congress had intended for a conversion to trigger the automatic stay of section 362 it could very easily have said so explicitly."   *Id.* at 268.    (Footnotes omitted).[3]

Here as in *Ramirez*, an order of conversion differs from a petition.  There is no automatic stay triggered by a conversion.  Moreover, the logic and holding of *State Airlines* and *Ramirez* remain compelling even in cases where the creditor did not obtain pre-conversion relief from stay.  The debtor's attempt to distinguish *State Airlines* on such grounds is unpersuasive.  *Ramirez* went on to note: "*State Airlines* has been uniformly followed by lower courts in other circuits . . .  the great weight of authority holds that the automatic provisions of § 362

/ / /

/ / /

---

[2](*In re: Ramirez*), 188 B.R. 413 (9th Cir. BAP 1995).

[3]*Ramirez v. Whelan* (*In re Ramirez*), 188 B.R. at 414-415.

2

are not triggered by conversion."[4]

The debtor seeks imposition of a stay under § 105. As noted by Judge Klein in his concurring opinion to *Ramirez*:

> In order to have a vacated stay "reimposed", one must ordinarily file an adversary proceeding seeking an injunction under 11 U.S.C. § 105. Fed. R. Bankr. P. 7001(7) and 7065 . . . The rules of procedure do not permit a bankruptcy court to grant an injunction except in an adversary proceeding.[5]

This court cannot reimpose a stay without an appropriate adversary proceeding that meets the standards of Rule 7065.

No order will be entered until completion of the hearing on September 8, 2008.

DATED: August 28, 2008.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
        J. Beard, Esq.
        E. LeRoy, Esq.
        K. Hill, Esq.

08/28/08

---

[4]*Ramirez v. Whelan* (*In re: Ramirez*), 188 B.R. at 415-416. Some of the cases following *State Airlines* include: *American Industrial Loan Association v. Voron* (*In re: Voron*), 157 B.R. 251 (Bankr. E.D. Va. 1993); *In re: Parker*, 154 B.R. 240 (Bankr. S.D. Ohio 1993); *State of Ohio Department of Taxation, v. H.R.P. Auto Center, Inc.* (*In re: H.R.P. Auto Center, Inc.*) 130 B.R. 247 (Bankr. N.D. Ohio 1991); and *Campos v. Aloyan* (*In re: Campos*), 128 B.R. 790 (Bankr. C.D. Cal. 1991).

[5]Klein, J., concurring in *Ramirez v. Whelan* (*In re: Ramirez*), 188 B.R. at 416.

3